PRICE, Judge.
Plaintiff brought this action against the workmen’s compensation insurer of his employer, L. S. Gravelle & Son, a Gulf Oil distributor at Winnsboro, Louisiana, alleging that he had become totally and permanently disabled as the result of an accident happening on July 19, 196S-. Compensation was paid to plaintiff at the rate of $35.00 per week for forty-three weeks. At the end of this period payments were terminated as the defendant contended plaintiff was able to return to work. After a trial of this issue in the District Court for Franklin Parish on June 15, 1967, the court awarded plaintiff compensation for 100 weeks at a rate of $25.00 per week, subject to a credit of $1,505.00 for compensation previously paid, and rejected plaintiff’s demand for penalties and attorney’s fees.
Plaintiff appealed devolutively from this judgment, contending that the trial court should have found the plaintiff was permanently and totally disabled from doing the same type of work being performed at the time of the accident.
The sole question to be decided is the nature, extent and duration of plaintiff’s injuries.
The evidence in the record reflects that plaintiff, a 60-year old man, had been employed for 15 years by a Gulf Oil bulk dealer who distributed gasoline, oil, grease and related products to service stations in a four parish area surrounding Winnsboro, Louisiana. His duties consisted mostly in driving a two-ton bobtail truck, making deliveries and taking sales orders. He was not regularly assigned a helper and was required to unload cases of oil and 55 gallon drums of oil or grease at times without assistance. He was earning $80.00 per week at the time of the accident.
On the date of the accident, plaintiff was driving his employer’s two-ton truck when it collided with a construction crane, causing the motor of the truck to pin him in the cab for more than an hour. He suffered rather severe injuries to his back and pelvic region, necessitating hospitalization for 15 days with an additional month of semi-bed convalescence at home.
All evidence in the case was by deposition or reports of medical experts introduced by agreement of counsel.
Plaintiff was' treated or examined by four physicians subsequent to the accident. He has introduced the report or deposition of three of these on his behalf. Emergency treatment was administered by Dr. Vernon T. Baldwin, a general practitioner of Winnsboro, immediately after the accident. He treated plaintiff until December, 1965, at which time he referred him to an orthopedist, Dr. Frank Cline of Monroe.
Dr. Cline, whose deposition was taken and offered by defendant, testified he found the plaintiff had suffered a fracture of the fifth lumbar vertebra on the left, a suggested separation of the symphysis pubis in the pelvic region, and a questionable fracture across the sacrum. He further found that plaintiff had a significant injury to his low back and left sacroiliac joint. Dr. Cline was of the opinion that during the period he treated plaintiff all fractures healed satisfactorily and that he had reached maximum recovery from the injury to the muscles and ligaments of the low back area after a period of six months from the injury. He acknowledged that plaintiff continued to give subjective complaints of stiffness and soreness in this area up to the date of *521 the trial in the lower court. His evaluation of the extent of plaintiff’s disability was 10 to 15 percent of the body as a whole, being a permanent partial disability. He was of the opinion plaintiff could have returned to his same work after a period of six months after the injury.
On cross-examination, however, he stated plaintiff would be unable to handle the large 55 gallon drums of oil as had been done prior to the accident.
Dr. R. C. Llewellyn, a neurosurgeon of New Orleans, examined plaintiff on October 4, 1966. In his report he found no indication that plaintiff had experienced any contusion or damage to the major nerve roots or flexes intervating the lower extremities as a result of the crushing low back injury he sustained. He was of the opinion that continuing soreness and pain in the region were very possible as a result of such an injury without any objective finding of nerve root involvement. He was further of the opinion that the subjective symptoms complained of by plaintiff were sincere. He deferred rendering an opinion on the extent of disability resulting from these symptoms as he felt this was more properly in the scope of an orthopedist.
Dr. R. D. Hightower, an orthopedic surgeon of Shreveport, Louisiana, examined plaintiff on November 15, 1966, for evaluation purposes at the request of the Department of Vocational Rehabilitation. He found the plaintiff to have a chronic lumbo-sacral strain, minimal osteoarthritic changes, and healed fractures of the transverse process and pelvis. He attributed no disabling significance to the osteoarthritic changes or the healed fractures, but was of the opinion that the chronic lumbosacral strain rendered plaintiff totally and permanently disabled to perform the same work as engaged in prior to the accident. He was further of the opinion he was unable to do any manual labor or to return to truck driving. No improvement was to be expected and further treatment would be of little benefit.
Two lay witnesses testified as to changes in the physical abilities of the plaintiff after the accident. They corroborated the estimate given by Dr. Hightower of the limitations on plaintiff’s recovery.
We are of the opinion that the preponderance of the medical testimony is to the effect that the plaintiff was at the time of the trial in the district court totally and permanently disabled to perform the same work he was performing at the time of the accident.
The testimony of Dr. Hightower was unqualified as to plaintiff’s disability. Dr. Cline was unable to say that he could perform all of the duties he performed prior to the accident, even though he felt he was able to perform some of them.
It should be noted that plaintiff was not referred to Dr. Hightower for examination for the purpose of this suit but by a governmental agency to determine the extent of his disability in connection with an application for social security benefits.
It is the settled jurisprudence of this State that a claimant is totally and permanently disabled when he is deprived of his capacity to do work of the same or similar description that he is accustomed to performing.
We can find no evidence in the record establishing any residual earning capacity for this claimant. Under the Workmen’s Compensation Statute and jurisprudence of this State, he is entitled to a weekly benefit of 65 percent of his wages not to exceed $35.00. This claimant, having earned $80.-00 per week, is entitled to the maximum rate of $35.00.
It is, therefore, the order of this Court that the judgment appealed from be reversed and set aside and that there be judgment in favor of plaintiff and against the defendant awarding him workmen’s compensation benefits at the rate of $35.00 per week during the period of plaintiff’s disability not to exceed four hundred weeks, *522 together with legal interest thereon. This judgment is subject to a credit for the forty-three weeks of compensation previously paid. Plaintiff’s prayer for penalties and attorney’s fees is rejected. It is recognized that plaintiff’s attorney may be paid out of plaintiff’s award as attorney’s fees 20 percent of the first $5,000.00 and 10 percent of the amount exceeding $5,000.-00.
All costs are to be paid by defendant-ap-pellee.