BLANCHE, Judge.
This is a suit by plaintiff-appellant, Joe Pelt, for workmen’s compensation benefits against his former employer, defendant-ap-pellee, Cement Products Service, Inc., and its workmen’s compensation insurer, Fireman’s Fund Insurance Company. The parties stipulated at the beginning of trial that the plaintiff was injured during the course and scope of his employment, that Fireman’s Fund Insurance Company had issued a policy of workmen’s compensation insurance to Cement Products Service, Inc., and that as a result of this injury plaintiff received workmen’s compensation benefits for five weeks at the rate of $36.40 per week and reimbursement for medical expenses in the amount of $106.08.
The sole question presented on this appeal is the nature and extent of plaintiff’s injury and whether by virtue of such injury he is totally and permanently disabled. Plaintiff contends he is totally and permanently disabled because of an injury to his ribs, chest and back which allegedly occurred on November 12, 1972, while he was driving a cement spreader. While the date of the injury is not crucial to a resolution of the case, there is some confusion as to the correct date of plaintiff’s injury. The treating physician’s records show that plaintiff was originally seen by him on October 13, 1972. We accept this date as the best evidence of when plaintiff was injured.
The trial court rejected plaintiff’s contention that he was totally and permanently disabled and dismissed his suit. We affirm.
The plaintiff, who was 55 years old and who was not qualified for work other than common labor, was employed by Cement Products Service and drove a cement spreading machine. Plaintiff stated that while he was driving the machine he ran into a big rock with his left front wheel and as a result thereof injured himself by hitting his ribs on his own right elbow.
The only physician to treat plaintiff was Dr. Joseph Thomas Micelli, who first examined plaintiff in the Emergency Room of the West Feliciana Parish Hospital. Upon examination he found that plaintiff had a moderate amount of tenderness along the lower rib margin on the right side approximately where the ribs attach to the breast bone. Because plaintiff stated that pain to his ribs increased upon coughing or taking a deep breath, he was provided with a rib belt, which is a type of elastic device to support the rib cage. Plaintiff was also given medication for pain and told to apply heat to the ribs. After seeing plaintiff for a period of approximately six weeks, the doctor discharged him as being able to return to work full time. The doctor’s diagnosis at the time of injury was that plaintiff had a simple contusion or bruised ribs.
Even though plaintiff testified that he has been unable to work since the accident, the evidence is to the contrary. Francis M. Stevens, an employee of defendant, testified that the payroll records of the company showed that plaintiff worked twenty-four hours during the week ending November 19, 1972, and 16.20 hours during the week ending November 26, 1972. When confronted with this testimony, plaintiff explained he was unable to do more than just ride around. However, a defense witness testified there were no light duty jobs at plaintiff’s place of employment.
Another employee of Cement Products Service, Lynn F. Fickle, testified that he recalled the plaintiff being injured on the job and that four or five weeks after he had been off, plaintiff came back and requested work but at that time no job was open to him driving a cement spreader. He then testified that other employment was arranged for plaintiff.
In a workmen’s compensation case, as in other civil suits, the plaintiff must *193 establish his claim by a preponderance of the evidence and to a legal certainty as in any other civil suit. This burden is not relieved by the liberal construction placed upon the statute. Grigsby v. Argonaut Insurance Company, 297 So.2d 698 (La.App. 1st Cir. 1974), and cases cited therein.
The only evidence plaintiff adduced to show he was unable to perform the same type of work after the accident that he performed prior to his injury was his own testimony. This evidence is entirely unsupported by any medical evidence. The only medical evidence in the record shows that he is not so disabled.
The case is resolved by our finding, as did the trial judge, that plaintiff did not prove he was totally and permanently disabled.
Accordingly, the judgment of the trial court is affirmed, at the cost of plaintiff-appellant.
Affirmed.