SAMUEL, Judge.
Plaintiff filed this suit against the City of New Orleans in workmen’s compensation. He seeks benefits for total and permanent disability allegedly resulting from a heart condition which manifested itself on March 25, 1972 while he was engaged in fighting a fire in the course and scope of his employment as a fireman. Compensation benefits also are sought under the Firefighters’ Heart and Lung Bill, R.S. 33:2581.
*461 Defendant answered, admitting' plaintiff was employed as a fireman on March 25, 1972 but asserting he is entitled to no further compensation benefits other than those already paid to him by defendant.[1]
After a trial on the merits, there was judgment in favor of plaintiff for total and permanent disability at the rate of $49 per week for five hundred weeks commencing April 25, 1972, together with interest and present and future medical expenses, subject to a credit for compensation benefits paid by the City. The City has appealed from that judgment.
The record shows plaintiff was employed as a fireman by the City since January 6, 1958. On March 25, 1972, while attending a fire in the course of his employment, he grew extremely weak and dizzy when he participated in carrying a heavy fire hose a substantial distance to a fire hydrant. He did not perform any further services at that fire, but he did complete his work shift on that day. Later, he attended several more fires, and eventually consulted Dr. Jack Ruli, a physician designated by the City to render medical treatment to its firemen. Dr. Ruli diagnosed plaintiff’s condition as mild hypertension, coronary disease with angina pectoris, chronic bronchitis, and chronic gastritis. In his opinion plaintiff was totally and permanently disabled from attending his duties as a fireman.
Plaintiff was hospitalized from May 10, 1972 until May 20, and he continued under Dr. Ruli’s care to the time of trial. Defendant paid plaintiff workmen s compensation benefits from April 25, 1972 until September 26, 1973, at which latter time he went on disability retirement pension with the New Orleans Fire Department. Thereafter, compensation payments were discontinued by the defendant.[2] Plaintiff testified he did not know what was wrong with him when he became ill at the March 25th fire. He continued to work and attended three more fires, the extent of his duties being limited primarily to cleanup work. On April 25, plaintiff’s last day of work, he began to experience more severe chest pains, and reported to Dr. Ruli for the first time.
Dr. Ruli testified he saw plaintiff and hospitalized him on May 10 for a period of nine to ten days, during which time treatment was administered. The doctor stated his diagnosis of coronary artery disease with angina pectoris was the reason for his recommendation that plaintiff be terminated from fire fighting duties. Without the heart condition, he would have recommended only a period of rest for plaintiff’s other conditions.
During the course of his testimony Dr. Ruli was presented with the basic conditions under which plaintiff worked as a firefighter for fifteen years. He was asked to assume, plaintiff attended between 100 and 200 fires, on many occasions was required to enter smoke-filled areas during which time he inhaled quantities of smoke, that he expectorated quantities of black sputum after such fires, and was anxious and nervous when fire alarms sounded in the fire house.[3]
*462 Based on these hypothetical facts, Dr. Ruli was asked if, in his professional opinion, plaintiff’s firefighting activities caused, aggravated, or accelerated his heart condition. Dr. Ruli’s answer was if plaintiff attended the stipulated number of fires and inhaled smoke he would conclude plaintiff’s work-related activities played a major, or at least a significant, role in causing the heart condition and disability. Consequently, we hold plaintiff in this case has carried the burden of proof to show he is entitled to total and permanent disability benefits.
The mere development of a heart condition while employed by another does not entitle a worker to compensation benefits. However, when there is an accident or incident on the job which causes, precipitates, or accelerates the condition, the accident is compensable even if it results from usual and customary activities and exertions connected with the particular employment.[4] In the present case there is little doubt that an accident or incident occurred on the job when plaintiff suffered chest pains while carrying a hose at the scene of a fire. Moreover, the medical evidence establishes without contradiction that the plaintiff’s heart disease was caused or contributed to by the exertion, heat, lifting, and other incidents of his employment as a firefighter. Under the circumstances, plaintiff has met his burden of proof and he is thus entitled to workmen’s compensation benefits for total and permanent disability.
As plaintiff has proved his case and is entitled to the compensation under the general concepts of Louisiana Workmen’s Compensation statutes, without need 'for him to rely on more liberal provisions of R.S. 33:2581, the Firefighters’ Heart and Lung Bill, we need not, and do not, consider the numerous issues raised by the City regarding the latter statute.
For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

. In brief in this court, the defendant City of New Orleans attempts to raise the issue of prescription. Code of Civil Procedure Art. 927 provides that defense may not be supplied by the court. While the record indicates the case was not prescribed, defendant’s failure to file an exception makes a consideration of the issue improper.

. It is not the position of the defendant that plaintiff is not entitled to workmen’s compensation benefits merely because of the fact that he is on disability retirement pension. The reason for termination of workmen’s compensation benefits is not clear, since the chief who terminated the benefits did not testify. His successor in office testified he did not himself terminate workmen’s benefits merely because plaintiff is on disability retirement.

.The hypothet is based on facts established by the testimony.

. Nickelberry v. Ritchie Grocer, 196 La. 1011, 200 So. 330; Sherman v. Southern Scrap Material Company Ltd., La.App., 284 So.2d 71; Weber v. McLean Trucking Company, La.App., 265 So.2d 628; Vicknair v. Avondale Shipyards, Inc., La.App., 220 So.2d 580; Guerrera v. City of New Orleans, La.App., 212 So.2d 223; Landry v. Park Wood Products, Inc., La.App., 201 So.2d 306; Dusang v. Liberty Mutual Insurance Company, La.App., 195 So.2d 340.