COVINGTON, Judge:
This is an appeal from a judgment dismissing plaintiff’s claim for workmen’s compensation benefits. We affirm.
Plaintiff, Ethel Johnson, brought this action against her employer, the Ascension Parish School Board, and its workmen’s compensation insurer, Fireman’s Fund Insurance Company, alleging that she had become totally and permanently disabled as a result of an accident happening on April 6, 1971. Compensation totalling $627.90 was paid to plaintiff, covering a period of several weeks. At the end of this time payments were terminated as the defendants contended the plaintiff was able to return to work. After a trial primarily on this issue, the trial court rendered judgment dismissing the plaintiff’s claim for further workmen’s compensation benefits.
' Plaintiff appealed devolutively from this judgment, contending that the trial court erred in not finding the plaintiff was permanently and totally disabled from doing the same type of work being performed at the time of the accident.
The sole question for our decision is the nature, extent and duration of the plaintiff’s injuries.
The evidence in the record reflects that plaintiff, a 59 year old woman, had been employed for 15 years by the Ascension Parish School Board as a lunchroom worker. Her duties consisted mainly in cooking, serving food and cleaning up the kitchen. She was earning about $199.00 per month at the time of the accident.
On the date of the accident the plaintiff was carrying some empty garbage cans in the lunchroom when she slipped, but did not fall or strike any object. In slipping she twisted her back in some way, causing her lower back to hurt. The evidence shows that the plaintiff experienced a minor accident, which caused a mild lumbosacral strain. The plaintiff went to see Dr. Percy H. LeBlanc, a general practitioner, who treated her conservatively from April 6, 1971 to May 21,1971. Thereafter, she went to Dr. C. E. Major, Jr., a general practitioner, for treatment. The plaintiff was subsequently examined by Dr. John F. Loupe, an orthopedist.
The depositions of Dr. Major and Dr. Loupe were in evidence, and Dr. LeBlanc testified at the trial. The only other evidence was the testimony of the plaintiff, and of a school teacher, Mary Jackson, describing the accident as an “awkward slip,” not a fall. No members of her family and no co-worker testified to the alleged accident or to the alleged disability of the plaintiff.
Dr. LeBlanc, who had treated the plaintiff for a number of years, testified at the trial that he considered the injury to Ethel Johnson’s back as a minor injury. His testimony on this point is:
“Q. Could you tell me what your diagnosis was at this time?
A. Lumbosacral strain.
Q. Doctor, do you know how she got this strain?
*1141 A. She told me that she was walking across the kitchen floor and she slipped, but did not fall, and in some way she twisted herself, causing her back to hurt. She didn’t strike herself on anything, nor did she fall.
Q. Doctor, you say a lumbosacral strain. That would be a strain of the lower part of the back, is that correct?
A. That’s right.
Q. Did you take x-rays of her at this period of time?
A. No. She had no fall or anything, so we thought it was a very simple injury — if you would call it an injury — and we treated her; . . .
When Dr. LeBlanc saw the plaintiff for the last time, on May 21, 1971, he informed her that he was ready to discharge her to return to work. His testimony on this point is:
“Q. I understand your testimony is that you felt she had a mild injury, is that correct?
A. A mild injury, yes.
Q. On May 21st, which is the last time you saw her, did you advise her at that time you thought that she could return to work?
A. That’s correct. I thought she could go back to work.”
When questioned about whether the back injury had anything to do with the plaintiff’s complaint of hypertension, Dr. Le-Blanc gave a negative answer. He also testified that the type of injury sustained by the plaintiff would not aggravate her arthritic condition. Dr. LeBlanc was asked whether or not the injury required hospitalization and his answer was that while he was treating her, it did not.
Dr. C. E. Major, Jr. testified by deposition and indicated his opinion that the plaintiff was totally and permanently disabled. Dr. John F. Loupe testified by deposition that he thought that the plaintiff could go back to work. He further stated that if there were no substantial neurological findings at six months after her injury (and the doctor’s neurological findings were normal), the plaintiff (the patient) “should be back to her preinjury status.” At another point in his deposition in discussing plaintiff’s ability to return to work, the doctor said:
“Q. Now, in this particular case, when you examined this woman, do you feel at that time that she could have returned to the same type work that she was doing at the time that she slipped, which was working in a school cafeteria?
A. Right, I did. I thought that she could go back and do what she was doing before . . . .”
It is well settled in workmen’s compensation suits, as in other civil actions, that the decision of the trial judge, who has weighed and determined the amount of credibility to be given to each witness, is entitled to great weight and is not to be overturned on appeal in the absence of manifest error. Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347 (La.1974). In workmen’s compensation suits, as in other civil actions, the plaintiff must establish his claim for benefits by a preponderance of the evidence and to a legal certainty. This burden of proof is not relieved by the liberal construction which must be placed upon the workmen’s compensation laws. Pelt v. Cement Products Service, Inc., 323 So.2d 191 (La.App. 1 Cir. 1975); see also Dunman v. Kroger Company, 333 So.2d 427 (La.App. 3 Cir. 1976).
We are urged by the appellant to reverse the judgment of the trial court on the basis of the holdings in: Christophe v. Southern Bridge Company, 250 So.2d 822 (La.App. 1 Cir. 1971); Cooley v. Insurance Company of North America, 216 So.2d 388 (La.App. 3 Cir. 1968); Ellerman v. Insurance Company of North America, 209 So.2d 519 (La.App. 2 Cir. 1968); and Shaw v. Swift & Co., Ltd., 74 So.2d 299 (La.App. 1 Cir. 1954).
An examination of the cited cases reflects that results contrary to that in the instant case were reached because of factual differences. In the cited cases the plaintiff proved his disability by a preponderance of the medical evidence.
*1142 Our conclusion is that the evidence fails to establish that the plaintiff has been disabled as the result of a job-related injury since the date on which the payment of compensation benefits were discontinued. We find no error in the judgment rendered by the trial court which rejected the plaintiff’s demands. Rather, the evidence supports the conclusion that the plaintiff sustained a minor injury by twisting her back when she slipped, causing a mild lumbo-sacral strain and that, after a short period of conservative medical treatment, she had recovered from her job-related disability sufficiently to be able to return to the same job or to the same type of work. Therefore, we affirm the judgment of the trial court at the costs of the appellant.
AFFIRMED.