STOULIG, Judge.
Plaintiff, Albert Lopez, was awarded a judgment against the City of New Orleans for maximum workmen’s compensation benefits for a job-connected injury that the trial court concluded left him totally and permanently disabled. Lopez had been employed with the New Orleans Fire Department for 22 years when the accident occurred and, at the time, had attained the rank of deputy fire chief.
On appeal, the defendant seeks reversal contending that (1) plaintiff failed to prove an accident compensable under the Louisiana Workmen’s Compensation Law did occur on February 8,1975; (2) plaintiff failed to adduce medical evidence to establish the alleged accident either caused a cervical injury or aggravated a pre-existent neck condition; and (3) plaintiff failed to notify his employer of his claim within the six-month period of limitation set by R.S. 23:1291.
We preface our discussion of these contentions with the comment that plaintiff has a commendable work record since he began with the fire department in 1953 through his disability retirement on March 17, 1975. While engaged in fire fighting over this period he was injured on at least six occasions.[1] The one relevant to his pending claim is a 1965 neck injury that subsided with the passage of time.
On February 8,1975, plaintiff testified he reinjured his neck while responding to the general alarm fire at the Parkchester Apartments. As he emerged from the official fire department car, he began pulling on his raincoat and felt a sharp pain in his neck. It caused him to stagger and fall against the car. Despite the pain, he continued with his firefighting duties.
That the neck injury was not a post-retirement afterthought is amply proven by the testimony of Robert Soulit, his chauffeur, who actually witnessed the accident, and Fire Chief Earl Hymel and Captain Adam Jochim. The latter two are co-workers who testified plaintiff described the accident and the resultant neck difficulties to them within 24 hours of its occurrence.
The City points out plaintiff nonetheless failed to file a written report of his injury with his supervisor as the internal rules of the fire department require. This oversight is not a sound basis for denying compensation because an internal departmental rule cannot supersede the six-month notice period prescribed in the law itself. Nor is there validity in defendant’s contention plaintiff failed to notify his employer of his claim within six months of the accident.
Plaintiff testified he expected to receive workmen’s compensation benefits as well as disability retirement pay. Thinking the paper-shuffling might require several months, plaintiff made no inquiry until two months elapsed after he was retired on disability. He asked Deputy Fire Chief Nolan Delatte in the administrative office why he had received no compensation. At this time Chief Delatte relayed the fire department’s position that he was not entitled to benefits. Chief Delatte corroborates plaintiff’s claim to the extent he recalls the inquiry being made. Understandably, he could not pinpoint the time. The evidence preponderates to the effect that the fire department was given notice of plaintiff’s claim for compensation between two and four months after the accident.
Finally we consider whether the medical evidence is sufficient to sustain plaintiff’s claim.[2] Fire Department Dr. Jack Ruli rendered a report on plaintiff’s condition in March 1975 for the purpose of establishing plaintiff’s rights to a disability pension. It leaves no doubt plaintiff had suffered a cervical disc problem that became exacerbated within several months of his retirement. However, the report does *1264 not answer medical questions pertinent to a workmen’s compensation claim because it was prepared to assist the Board of Trustees of the Firemen’s Pension and Relief Fund in processing plaintiff’s application for retirement on disability. Retirement involves disability per se while compensation contemplates injury or aggravation of a pre-existing problem in a job-connected accident. Specifically the medical evidence does not answer whether the February 8, 1975 accident aggravated the dormant cervical problem to a point where it rendered plaintiff totally and permanently disabled.
While rules of evidence are relaxed in favor of the claimant, the plaintiff in a workmen’s compensation suit is nonetheless obligated to prove his claim by a preponderance of the evidence. See Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965); Pelt v. Cement Products Service, Inc., 323 So.2d 191 (La.App. 1st Cir. 1975).
Because we are convinced plaintiff suffered an accident on the job on February 8, 1975 of which defendant received proper and timely notice, we remand this matter to permit plaintiff, if he is able, to establish by competent medical evidence a connexity between the disability of which plaintiff now complains and the accident of February 8, 1975. The scope of this remand is limited to medical proof of a relationship or nonre-lationship between the accident and the disability.
For the reasons assigned, the judgment appealed from is annulled and this matter is remanded for further proceedings consistent with the views expressed. Costs should be assessed when this matter becomes final.

JUDGMENT ANNULLED; REMANDED.

. The inference is plaintiff never claimed workmen’s compensation for any of these injuries but returned to his duties as soon thereafter as he could.

. The medical evidence consisted of the two written reports of Dr. Jack Ruli, the fire department’s physician. No medical expert testimony was adduced.