BOUTALL, Judge.
Inez Lonzo filed suit against Holsum Bakeries and its insurer, The Travelers Insurance Company, for workmen’s compensation benefits for the death of her husband, a former employee of the bakery. The trial court rendered judgment in favor of the defendants, and she appeals.
The facts are these: On January 29,1970, Mr. Lonzo was in the process of performing his job when he suddenly received a blow of some sort to his upper body. It is disputed whether this blow was to his chest or to his arm and shoulder. He immediately reported this injury to the supervisor and consulted the company doctor shortly afterward. The doctor was of the opinion that the injury was musculoskeletal in nature. Mr. Lonzo then returned to work.
On February 20th, 1970, Mr. Lonzo returned to the doctor’s office and complained that in the middle of the previous night he woke up with chest discomfort. This was diagnosed as having been caused by aortic insufficiency, a disease of the heart caused *1281 by a faulty valve. Mr. Lonzo eventually underwent three heart operations between March 6, 1970 and August 14, 1970, on which date he died.
Appellant contends that the trial judge committed error in rendering judgment in favor of the defendants. She argues that there was “an accident” here within the meaning of the Workmen’s Compensation Statutes, and that there was a causal relationship present between the job related accident and Mr. Lonzo’s eventual death. Appellee, on the other hand, contends that the evidence supports the trial judge’s finding that the incident of January 29th was not sufficiently connected to the death to allow recovery under Workmen’s Compensation.
To qualify as an accident under the Workmen’s Compensation Statutes, it is necessary only that the injury be unexpected and unforeseen, that it happened suddenly, and that it produced objective symptoms of injury. Louisiana Revised Statute 23:1021; Ferguson v. H. D. E., Inc., 270 So.2d 867 (La.1972). Heart problems have often been treated as “accidents” under the statute. Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1968); and Vicknair v. Avondale Shipyards, Inc., 220 So.2d 580 (La.App. 4th Cir. 1969).
The major issue in this case, however, focuses on the causal relationship between the accident and the death. It is well settled that disability or death benefits are payable only if the disability or death results from a work related accident. This question is generally one of fact, not law. Roussel v. Colonial Sugar Company, 318 So.2d 37 (La.1975); Jacob v. Godchaux-Henderson Company, Inc., 350 So.2d 274 (La. App. 4th Cir. 1977). The mere development of a heart condition while employed, how ever, does not render the employer liable for workmen’s compensation benefits. Beckham v. City of New Orleans, 327 So.2d 460 (La.App. 4th Cir. 1976).
Recovery of benefits for a heart attack must be conditioned on a connection or nexus between the work and the injury. The attack must, in other words, have some “identifiable beginning at work”. Soileau v. Chet & Kenney’s Auto Parts, Inc., 337 So.2d 604 (La.App. 4th Cir. 1976). Here the appellant has the problem of proving that the accident was in any way connected with the death, and, therefore, that the death was work related. Appellant relies upon the accident in question to serve as the required nexus.
The trial judge found that there was no connection between the accident and the attack. We agree. The heart problems in this case did not occur on the job, as was the case in Roussel, supra, and many of the other cases cited by appellant. Furthermore, the only medical testimony linking the decedent’s heart problems to the accident was from a physician who never treated or even saw Mr. Lonzo. His opinion was based on a hypothesis that the decedent suffered a blow to his chest. However the preponderance of evidence shows a blow to decedent’s arm, without involvement of the chest. The trial judge was correct in finding that this testimony was far outweighed by the opinions of the two treating physicians, who testified that the accident was not related to the heart problems.
Appellant further contends that proof of an accident and the following disability, without an intervening cause, creates a presumption that the accident caused the disability. Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347 (La.1974); St. Pe v. H. P. Foley Electric Company, 341 So.2d 639 (La.App. 4th Cir. 1977). The Louisiana Supreme Court, however, has recently held that this presumption is not irrebuttable, but its effect is to shift the burden to the defendant to negate the causal connection. Haughton v. Fireman’s Fund American Insurance Company, 355 So.2d 927 (La.1978). We find that the trial judge’s decision that appellee has met its burden of proof is amply supported by the record.
For all of the foregoing reasons, the judgment of the trial court dismissing plaintiff’s claim is affirmed.
AFFIRMED.