STOULIG, Judge,
dissenting.
I respectfully dissent.
The City of New Orleans has appealed a judgment awarding plaintiff, Albert W. Lopez, maximum workmen’s compensation benefits of $65 per week[1] for a period not to exceed 500 weeks for a job-connected injury that left him totally and permanently disabled.
The trial court gave this same award previously; however, on appeal we annulled the first judgment after concluding the medical evidence did not establish a connexity between the accident and the disability.
The facts are set forth in this court’s first opinion, Lopez v. City of New Orleans, 350 So.2d 1262, La.App. (1977), in which the case was remanded for the limited purpose of adducing medical evidence to establish a connexity between the disability of which plaintiff now complains and the accident of February 8, 1975.
I reiterate several factual conclusions in the first opinion because appellant has raised them as issues again on this appeal, and they have already been adjudicated. First this court concluded plaintiff did suffer an accident in the course and scope of his employment on February 8, 1975. Second the opinion concludes he reported the incident to his employer timely. Third, while not stating it in so many words, the first case held that plaintiff’s credibility is not questioned. His exemplary work record ás a member of the New Orleans Fire Department for 22 years, when considered in the light of the many job-connected injuries he has sustained, convinced the panel in the first case of his sincerity in complaints of disabling pain.
The evidence on remand does nothing to change any of these conclusions. Dr. Jack Ruli, the Fire Department physician, testi *638 fied plaintiff saw him on February 23, 1975 with complaints of cervical pain; however, he pointed out that plaintiff was being treated by a chiropractor and for this reason he did not treat him for the neck complaints. Shortly thereafter Dr. Ruli did an evaluation of Lopez’s condition and x rays disclosed a narrowing of the disc spaces between C-5 and C-6. In Dr. Ruli’s opinion plaintiff with his medical history should not have returned to his firefighting duties after February 1975. In his letter of March 10 to Superintendent William McCrossen, Dr. Ruli recommended that appellee be placed on disability pension.
On the question of whether the trauma of February 8 produced temporary painful symptoms that later subsided or constituted the final insult that pushed plaintiff into the totally disabled category, Dr. Ruli stated either was possible. He explained the complaints plaintiff had could have been an episode of pain from the cervical condition that pre-existed this trauma or from a cervical sprain caused by this accident. The hypothetical question as to whether the plaintiff with his medical history could have suffered a cervical sprain that totally disabled him as a result of the February 8 incident was not answered directly.
Dr. Ruli seemed reluctant to give an unequivocal opinion on the issue of permanent disability; however, we are satisfied that his testimony supports the judgment of the trial court. After attempting to elicit the doctor’s opinion on whether the effects of the February 8 accident were more probably temporary or permanent in nature, he was asked:
“Q What if he never improved after the incident of putting on the fire jacket?
MR. TALLEY:
Objection, that wasn’t covered on direct or cross.
THE COURT:
This is a compensation suit, and the Court has the liberty to permit what evidence is necessary.
THE WITNESS:
I think that it would aggravate his pain.
BY MR. VILLA:
Q What if he had never gotten better?
A Then I would think that you would have more of an indication that there would be some cause or relationship between February 8th and the persistence of his pain.”
Because the court in the first case concluded Chief Lopez is a credible witness, his persistent cervical problem since February 1975 to which he testified, coupled with Dr. Ruli’s opinion, should entitle him to maximum compensation benefits.

. This is the maximum workmen’s compensation benefit payable under R.S. 23:1201 for injuries occurring in February 1975.