CHIASSON, Judge.
Plaintiff-appellant, Ebb K. Harrison, appeals the decision of the trial court holding that plaintiff had not suffered an injury within the meaning of the Louisiana Workmen’s Compensation Statute and denying his demands for workmen’s compensation benefits.
Harrison contends that on April 15, 1978, while in the course and scope of his employment with the defendant, Morgan Portable Building Corporation, he experienced pains in his chest and a shortness of breath while lifting a portion of a small portable building. Plaintiff discovered on May 25, 1978, following a treadmill stress test, that he had a coronary artery disease. Dr. James Hand conducted this test and referred him to Dr. James Calvin, a cardiologist.
Dr. Calvin performed a heart catheterization (coronary arteriogram) on June 2,1978, which revealed a severe occlusive coronary artery disease. Two of the arteries to the heart were completely blocked while the third artery was 80% narrowed. Dr. David Davis, a thoracic surgeon, performed a “coronary artery bypass times three” on the plaintiff on June 6, 1978.
After returning to work to perform light duty in July of 1978, plaintiff continued his employment until he was terminated in May of 1979. The termination was prompted by allegations that the plaintiff, along with another of the defendant’s salesmen, were starting a competing business. On May 25, 1979, after plaintiff was cleared of the allegations, defendant-corporation offered plaintiff his job back. Plaintiff refused and filed suit that day seeking to be declared totally and permanently disabled and entitled to workmen’s compensation benefits.
After a trial of the matter, the trial court denied plaintiff’s claim and awarded judgment in favor of the defendant. The court made the following determination:
“ * * * that the plaintiff had long-standing coronary disease prior to the incident which occurred on April 15,1978, when he was lifting parts of a portable building. The medical evidence is conclusive that no injury was suffered by him at that time as no doctor found he had sustained any heart damage. As all of the doctors have testified, whatever pain Harrison experienced on the date of the incident *1142 was merely a manifestation of his overall condition.”
After concluding that no injury took place, the trial court went further and found no causal relation of this incident and the resulting disability.
“Although it may be arguable that Harrison actually is disabled from performing his customary and usual duties of his former employment as a salesman, it is manifestly clear from the medical evidence that there was no causal connection between the on-the-job incident and his present condition. No injury was sustained on the job. Harrison’s disability, if at all, is directly and solely related to his heart disease. * * *”
Plaintiff’s contentions on appeal are three-fold: (1) The trial court erred in failing to find plaintiff’s angina attack on April 15, 1978 was an accident under the Louisiana Workmen’s Compensation Statute; (2) The trial court erred in failing to find that plaintiff’s accident was one which arose out of and occurred in the course of his employment; and (3) The trial court erred in failing to find a causal connection between plaintiff’s accident in April of 1978 and the resulting disability.
Under La.R.S. 23:1031, an employee is entitled to recover benefits from his employer when he “.. . receives personal injury by accident arising out of and in the course of his employment .. .. ” Parks v. Insurance Co. of North America, 340 So.2d 276 (La.1976). The compensation statute defines “accident” as “an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.” La.R.S. 23:1021(1); Guidry v. Serigny, 378 So.2d 938 (La.1979). It further defines “injury” as injuries caused “by violence to the physical structure of the body and such disease and infections as naturally result therefrom.” It specifically excludes “disease or derangement, howsoever caused or contracted.” La.R.S. 23:1021(6); Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972).
The courts have announced that they will give a liberal interpretation to the meaning of the terms “accident” and “injury.” Parks, supra; Lay v. Allied Chemical Corp., 340 So.2d 1076 (La.App. 1st Cir. 1976). See also Malone & Johnson, Worker’s Compensation, 13 La.Civ.L.Tre. Vol. I, § 261.
Even though there is a spirit of liberalism in such cases, the courts do require that the plaintiff who seeks to recover for a disabling heart attack “show a causal relationship between the heart attack, his employment and the resulting disability.” Guidry, supra. Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975); Ferguson v. HDE, Inc., supra; Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1968).
In defining what constitutes an “accident,” the Supreme Court in the Parks' decision quotes from two previous cases:
“ * * * Louisiana is among the many jurisdictions that look to the employee to determine whether there was an unexpected and catastrophic effect upon him in deciding that an injury is accidental. Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972). We have held that extraordinary physical stress and strain is not essential to the definition of disabling accident: when the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present. Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972); Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1968). * * *” Parks, supra, p. 281.
In the instant case, we can look to the incident on April 15, 1978, when Mr. Harrison did have an “event which did produce at the time objective symptoms of an injury,” as constituting an accident. He related that he had a shortness of breath and pain in his chest. But this does not end the inquiry.
Even though plaintiff might have satisfied the statutory definition of an accident, he has failed to show that he has suffered “personal injury” by way of this *1143 accident. See La.R.S. 23:1031. Even though there may be objective symptoms of an injury on April 15, 1978, there has been no showing of “violence to the physical structure of the body.” This definitional phrase of injury has been construed to mean “a physical breakdown.” See Bertrand, supra; Ferguson, supra; and Parks, supra.
Although heart attacks have been held to be compensable injuries within the meaning of the workmen’s compensation statute, Roussel, supra; Bertrand, supra; Lay, supra; Fields v. Sperry Rand Corp., 343 So.2d 339 (La.App. 2nd Cir. 1977); Rowland v. Continental Oil Co., Inc., 374 So.2d 734 (La.App. 3rd Cir. 1979); Lonzo v. Holsum Bakeries, Inc., 363 So.2d 1280 (La.App. 4th Cir. 1978), all of the medical testimony is that this plaintiff has not suffered a heart attack.
All of the doctors who saw and treated the plaintiff stated that he was suffering from angina pectoris. Dr. James Hand, an internist, who testified by way of deposition, stated that Mr. Harrison had not suffered a heart attack nor was his condition caused by an accident.
Dr. Calvin, the cardiologist, defined at trial angina pectoris as a symptom manifestation of an underlying condition, in this case a coronary artery disease. Plaintiff was only suffering pain from his long term condition. As Dr. Calvin stated: “Angina by definition does not result in any physical injury or damage.” He concluded that there was no change in Mr., Harrison’s condition following the episode of angina.
Dr. Davis who performed the bypass surgery on Mr. Harrison stated in his deposition that there was nothing wrong with his heart. He affirmed what the other doctors stated that angina was a symptom of the occlusive coronary artery disease and that exertion brings on the angina but not the underlying condition.
The testimony also revealed that the severe occlusive condition of the arteries was a long term condition created by many factors. In addition, it was shown that Mr. Harrison had complained about poor circulation in his legs when he would walk around the sales lot. The record reveals that he underwent surgery in November of 1978 on the leg which showed that the veins in his legs were also occlusive.
We thus affirm the factual finding of the trial court that Mr. Harrison has not suffered an injury within the meaning of the workmen’s compensation statute. Roussel, supra; Rowland, supra.
Mr. Harrison claims that he is totally and permanently disabled from any work of reasonable character because of the accident which caused a change in his physical condition. He contends that the holding of the Bertrand decision mandates this. The trial court found that although Mr. Harrison could arguably be disabled, this disability was not causally related to his former employment citing Williams v. Southern Builders, Inc., 357 So.2d 579 (La.App. 1st Cir. 1978).
In the Bertrand case, the Supreme Court set forth this test for determining the causal connection:
“ * * * The criterion for causal connection between the accident and the disability is: Has the accident changed the plaintiff’s condition so as to render him disabled and unfit for his former employment?” Bertrand, supra, p. 827.
And as stated in Gorbach v. Prager, Inc., 310 So.2d 604 (La.1975):
“ * * * In order to recover benefits under the Louisiana Workmen’s Compensation Law, however, plaintiff must establish that the disability resulted from ‘personal injury by accident arising out of and in the course of his employment.’ Disability is compensable only if it was caused by a work-related accident. LSA-R.S. 23:1031; Prim v. City of Shreveport, La., 297 So.2d 421 (1974); Ferguson v. HDE, Inc., 270 So.2d 867 (1972).”
See also Lonzo, supra.
In this case, plaintiff has failed to prove that he has sustained an injury while in the course and scope of his employment resulting in disability. As the medical testimony reveals, Mr. Harrison’s condition did not *1144 change after the attack of angina pectoris nor did he suffer any heart damage. He has failed to prove that an injury (either a heart attack or other damage to the body) occurred which would have rendered him disabled. The pain (angina pectoris) only revealed his underlying condition which was treated by surgery. The surgery may have been said to be disabling but this was not work related.
' The disability in this case — although questionable because Mr. Harrison was terminated from his position but not for medical reasons — is not related to his employment. Without a showing of some type of injury to the plaintiff because of an accident, there can be no resulting disability from this incident. Johnson v. Ascension Parish School Bd., 342 So.2d 1139 (La.App. 1st Cir. 1977). See Lonzo, supra, Williams, supra, and Guidry, supra, (where the court denies recovery for a heart attack because it was not proven to be work related but awarded benefits because of the fall from the heart attack.) The decision of the trial court in finding no work related disability is thus correct as a matter of fact. Fields, supra; Johnson, supra.
For the reasons assigned, the judgment of the trial court dismissing plaintiff’s suit is affirmed at plaintiff’s cost.
AFFIRMED.