BOWES, Judge.
Plaintiffs appeal a judgment of the trial court entered pursuant to a jury verdict in favor of defendants denying appellants’ recovery for injuries allegedly sustained in an automobile accident involving defendant Fay D. Hampton and plaintiffs and dismissing appellants’ suit with prejudice. We affirm the action of the district court.
Plaintiffs-appellants, Maria and Dionisios (Dennis) Antonatos alleged that they were injured when the pick-up truck in which they were riding was involved in a traffic accident with a sedan being operated by defendant, Fay D. Hampton. The accident occurred at approximately 9:15 a.m. on December 6, 1979, at the intersection of La-palco Blvd. and Appolo Drive on the west-bank of Jefferson Parish.
Plaintiffs testified that they were in good health before the accident and that since the accident they have both had back and/or neck problems. They elicited medical testimony substantiating their claim of back and/or neck problems and introduced hospital records which show Mrs. Antona-tos eventually underwent surgery for spon-dyloslysis in February 1982.
In establishing their defense, appellees presented testimony that the damage to the Hampton sedan was less than $150.00 and that they were never supplied an estimate of damage to plaintiff’s truck, nor were they ever requested to pay any property damages on behalf of plaintiffs. Photographs of both vehicles, introduced into evidence, show minor damage to the left rear quarter panel of defendant’s automobile and no readily-discernible damage to appellant’s truck. It is undisputed that both vehicles were' driven away from the accident scene.
The investigating officer, Deputy Chate-lain of the Jefferson Parish Sheriff’s office, testified that he had been handling accident investigations for eighteen years. He stated that he routinely, as part of his investigation, asks the parties to an accident if they are injured and any complaint, however slight, is noted. In the present case, his report reflects an entry of “no injury.’’ The deputy’s testimony also disclosed that he considered the damage to both vehicles to be “light damage”, the mildest of the three damage codes on a police report sheet.
At the timé of the accident, both Maria and Dennis Antonatos were employed by A.J. Toups Co. as industrial painters. Industrial painting primarily involves steel structures, steel scaffolding, and buildings. It includes the stripping, sanding, sandblasting, and other preparation of the steel surfaces; hanging and painting from a boatswain’s chair; use of sanding machines; painting by hand and with paint sprayers; and unloading, carrying and mix- • ing industrial, lead-based and special coatings type, paint in one-gallon and five-gallon cans, weighing up to 35 pounds or more.
*1031 The defense produced the work records of the Antonatoses which showed that, in the four months following the accident, Mrs. Antonatos averaged 44.875 hours of overtime per month and Mr. Antonatos 22.25 hours per month of overtime. In the following seven months, their work records reflect that each party worked an average of greater than forty hours a week.
Additionally, during the course of the trial, the defense was able to demonstrate to the jury — the trier of fact — a number of inconsistencies, contradictions, and even outright falsehoods in the testimony of both plaintiffs. Some of those conflicts in testimony were extremely critical as they concerned such subjects as the degree of damage to the Antonatoses’ vehicle, work allegedly missed by plaintiffs, and information given to their treating physicians by appellants concerning the severity of the accident and the inability to work.
It is well settled in Louisiana that an appellate court should not disturb a trier of fact’s evaluation of credibility and inferences of fact unless it is demonstrated that such evaluations and inferences are clearly wrong. It is not enough that this court may have reached a different conclusion, but rather we must be convinced that the conclusions reached by the trier of fact were not merely erroneous, but manifestly erroneous. Dugas v. Mouton, 460 So.2d 739 (La.App. 3rd Cir.1984); Wilson v. Jacobs, 438 So.2d 1119 (La.App. 2nd Cir.1982); Lemeshewsky v. Dumaine, 464 So.2d 973 (La.App. 4th Cir.1985); Rome v. State Farm Mut. Auto Ins. Co., 439 So.2d 1253 (La.App. 5th Cir.1983); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In the present case, the jury found the defendant negligent in the operation of her vehicle and impliedly at fault in the accident. The jury further found that the defendant’s negligence was not the proximate cause of the injuries demonstrated by the plaintiffs.
Considering the conflicts in the testimony and evidence which was presented to the trier of fact over a number of days, the jury, exercising its proper role in assessing the credibility and weight to be given to witnesses and evidence, was well within its legal bounds and discretion in reaching the conclusions that it did, and this court cannot say that these conclusions were manifestly erroneous.
Accordingly, the judgment of the trial court is affirmed. Appellants are to bear the costs of this appeal.
AFFIRMED.