BOWES, Judge.
Plaintiff-appellant, Michael Tucker, appeals a judgment denying him benefits under the Worker’s Compensation Act. We affirm.
Tucker has a congenital heart defect, having been bom with two holes in his heart. He underwent several operations as a child and, prior to the occurrence on appeal, had last seen a doctor in 1973.
In August of 1985, plaintiff began employment with the Pony Express Courier Corporation. His duties as a courier included loading a truck with boxes. He would usually load approximately fifty (50) boxes, the largest weighing about twenty-five (25) pounds, at one time. This would take approximately twenty (20) minutes. Tucker would then deliver the packages at several stops. He was required to adhere to a time schedule as he had to meet a relay halfway through his shift.
On April 8, 1988, plaintiff began his shift at 9:00 p.m. His delivery route for the evening was to take him to Hammond, Am-ite, Kentwood, and Magnolia, Mississippi, where he was to meet his relay at 1:30 a.m. As Tucker was loading his truck, his right shoulder began hurting. The pain lasted approximately one-half hour. The pain recurred near the end of Tucker’s shift while he was unloading a box at his last stop in Hammond, after returning from Mississippi. Plaintiff also experienced episodes of shortness of breath throughout his shift, whenever he would exit his truck. Tucker finished his shift when he returned to Pony Express at 5:00 a.m.
At the end of his shift, plaintiff went home and went to sleep. When he awoke, he was still experiencing shoulder pain. He went to St. Jude Hospital, where he was prescribed medication for pain. Despite the medication, his pain continued, and Tucker returned to St. Jude the next day, April 10th, at which time he was admitted into the hospital.
Dr. Mark Wade examined Tucker and diagnosed him as having superventricular tachycardia (abnormal rapid heart rate and rhythm) and a congenital heart condition. Dr. Wade could not determine if the shoulder pain was related, or if it was caused by a musculoskeletal problem.
On November 29, 1988, Dr. Wade examined Tucker and advised him that he could return to work, starting with part-time and then increasing to full time. Tucker was restricted from lifting objects heavier than fifty (50) pounds.
Appellant testified that he went to Pony Express with a letter from Dr. Wade indicating that he could return to work, however, they did not offer him a job.
The trial court dismissed appellant’s suit, finding that he had failed to prove his case by a preponderance of the evidence.
On appeal, Tucker alleges that he is entitled to temporary total disability benefits from April 8, 1988, through December 2, 1988, and supplemental benefits thereafter. He also alleges that the employer was arbitrary and capricious in its failure to pay compensation and medical benefits and, ac *795 cordingly, he is entitled to penalties and attorney’s fees.
R.S. 23:1031 provides requirements for recovery of worker’s compensation benefits:
If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated....
Two requirements must he met for recovery under the statute: (1) the accident must arise out of the worker’s employment, and (2) the accident must occur during the course of the worker’s employment. Nix v. City of Houma, 488 So.2d 184 (La.1986).
An “accident” is defined by the worker’s compensation statutes as “an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury.” R.S. 23:1021(1).
Injury is defined as “injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom.”
Specifically excluded from the definition are “any other form of disease or derangement, however caused or contracted.” (R.S. 23:1021(7). A liberal interpretation is to be given to the meaning of the terms “accident” and “injury.” Harrison v. Morgan Portable Bldg. Corp., 400 So.2d 1140 (La.App. 1 Cir.1981), writ den. 403 So.2d 69 (La.1981).
When the plaintiff seeks to recover for a disabling heart attack, he must show a causal relationship between the heart attack, his employment and the resulting disability. Guidry v. Serigny, 378 So.2d 938 (La.1979). This means that he must present evidence to show that the “work effort, stress or strain in reasonable probability contributed in some degree to the heart attack.” Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626, 633 (La.1982). Guidry v. Sline held that when a plaintiff suffers from a pre-existing heart condition, in order for the heart attack to arise out of or be connected with his employment, “the exertion, stress or strain, acting upon the pre-existing disease, must be of a degree greater than that generated in everyday non-employment life_” [footnote omitted]. At page 633. However, in the more recent case of Carruth-ers v. PPG Industries, Inc., 536 So.2d 1246 (La.1989), the Louisiana Supreme Court said that although the court in Guidry v. Sline, supra, reached the right result, they erroneously applied an objective test, rather than a subjective test, to determine whether the exertion caused the heart attack. The plaintiff in compensation cases, as in other civil cases, bears the burden of proving the causal link by a preponderance of the evidence. Reid v. Gamb, Inc., 509 So.2d 995 (La.1987).
We have found no jurisprudence precisely concerning an irregular heartbeat, but we hold that the principles enunciated above are equally applicable in cases involving an irregular heartbeat.
An appellate court should not disturb the findings of the trier of fact unless it is shown that such findings are manifestly erroneous. Antonatos v. Hampton, 480 So.2d 1029 (La.App. 5 Cir.1985) writ den. 482 So .2d 630 (La.1986).
In this case, appellant’s expert witness, his treating physician, Dr. Wade, testified that he diagnosed Tucker as having an irregular heart beat. Dr. Wade did not testify to any injury, as defined by R.S. 23:1021(7). Furthermore, Dr. Wade’s testimony did not establish that Tucker’s condition was caused by his work. He testified that “it’s possible that physical activity could have aggravated his condition on a short-term basis, although my overall impression was that he had a long-term chronic condition which needed follow-up, as well.”
Applying the test enunciated in Guidry v. Sline, supra, as modified by Carruthers v. PPG Industries, Inc., supra, we find that the plaintiff failed to prove that his irregular heartbeat was an injury caused by his work. In addition, the evidence *796 presented by plaintiff did not establish that loading his truck with boxes weighing twenty-five pounds or less, and delivering them while having to meet a relay at night, created stress or strain of a degree greater than that encountered in his everyday life.
Accordingly, we find no manifest error in the trial court’s finding that Tucker did not prove by a preponderance of the evidence that he suffered a work-related injury so as to be entitled to worker’s compensation.
Therefore, the judgment of the trial court dismissing plaintiff’s claim is affirmed at plaintiff’s cost.
AFFIRMED.