FRUGÉ, Judge.
This is a suit for damages arising out of an automobile accident. The issue of negligence has not been seriously disputed in this court or the court below. The trial judge found that a whiplash injury which the plaintiff received in the accident aggravated a pre-existing osteo-arthritic condition and caused resulting pain and limitation of movement in the neck. On this appeal the defendant-appellant contends that the trial court erred in thus finding. We affirm.
Our jurisprudence is well settled that a tort feasor takes his victim as he finds him and is responsible for aggravation of pre-existing ailments or disabilities. Deshotel v. Southern Farm Bureau Casual *592 ty Insurance Company, 224 So.2d 191 (La. App. 3rd Cir., 1969); Kinchen v. Hansbrough, 231 So.2d 700 (La.App. 1st Cir., 1970); Dufrene v. Miller, 266 So.2d 462 (La.App. 4th Cir., 1972). The question, therefore, is whether the trial judge committed manifest error in his findings of fact. The only evidence in the record as to Mr. Mayeux’s condition prior to the accident is that he suffered from neither pain nor limitation of movement in his neck. He was an active man before the accident. The defendant was given access to records which Mr. Mayeux’s family physician had kept since 1939 and was not able to present evidence of any pain or limitation of movement prior to the accident.
Dr. S. R. Abramson, who along with his brother, Dr. A. M. Abramson, had treated the plaintiff for many years, testified that it takes less than an ordinary amount of trauma to injure an arthritic portion of the body. He stated that trauma to an arthritic area may jar loose calcified material which tears blood vessels and causes pressure on nerves and muscles. This can aggravate arthritis and cause it to increase more rapidly than it would have without trauma. Any alleviation of this condition resulting from accommodation by the body would be a remote possibility. Dr. Abramson concluded that if an os-teoarthritic person had no pain or limitation of movement prior to trauma and there were pain and limitation after the trauma, then this disability would be caused by the trauma. The case was held open for the deposition of Dr. E. M. Kingsley who, from his examination of plaintiff and plaintiff’s x-rays, concluded that the plaintiff had osteo-arthritis of long standing. His deposition did not refute the conclusions of Dr. Abramson. We therefore conclude that there was no manifest error in the trial judge’s finding that the accident aggravated Mr. Mayeux’s osteo-ar-thritic condition. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Kennedy v. Calcasieu Paper Company, 262 So.2d 800 (La. App. 3rd Cir., 1972).
Defendant-appellant Mock also asked for a reduction in the award from $3,000 to $1,000. Plaintiff Mayeux has limitation of rotation of the head by 30 degrees on each side. Lateral bending of the neck is severely restricted on both sides. There is also some limitation in the forward and backward bending of the neck. The limitation of movement in Mayeux’s neck is so severe Mrs. Mayeux has had to do all driving since the accident, as Mr. Mayeux can no longer drive on the highway. In order “[to] modify the amount of an award for general damages, an appellate court must find that the trial judge or jury has abused the ‘much discretion’ accorded” by LSA-C.C. Article 1934. Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971). We find no such abuse of the trial court’s discretion in this case.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant, Richard E. Mock.
Affirmed.