HOOD, Judge.
Plaintiff, Thomas A. Young, seeks property damage to his automobile caused by a collision with a vehicle driven by defendant, Frank DeVillier. The trial judge *739 awarded plaintiff $575.80. Defendant appealed.
The issues are whether defendant was negligent and whether plaintiff is barred from recovery by contributory negligence.
The accident occurred at the entrance to a private driveway on Louisiana State Highway No. 13 about one mile north of the City of Eunice. At this point, the highway runs north and south, has one lane for traffic in each direction, is of blacktop construction, and has a speed limit of 60 miles per hour. The accident occurred during hours of daylight and weather was not a factor.
Both plaintiff and defendant were traveling in a southerly direction. There was a truck between them. Plaintiff says that just before the accident he was following about one car length behind the truck at a speed of 25 to 30 miles per hour. He could not see defendant’s automobile in front of the truck. He was in a hurry, so when he came to an open stretch on the highway, he started to pass the truck. He was about even with it, when he saw defendant’s automobile for the first time, immediately in front of the truck. Plaintiff testified that at about the same time he saw defendant’s automobile, defendant turned left toward the private driveway. This caused plaintiff to apply his brakes and cut to the left, but he was unable to avoid the collision. He placed the point of impact at about the center of the north bound lane.
Plaintiff’s testimony is substantially corroborated by Mr. Dudley Bertrand, the state trooper who investigated the accident. He estimated plaintiff’s speed at about 35 miles per hour at the time of impact.
Defendant testified that he had been going about 40 miles per hour, with the truck following behind, for some distance. He says he could not see any vehicles behind the truck. As he drew near the driveway, he slowed down and looked in his rear view mirror and saw that the truck was also decelerating and remaining in the south bound lane. He thought any vehicles which might be following the truck would also slow down when they saw the truck’s tail lights flash.
Defendant says he gave a left turn signal for about “an arpent” and then initiated a sharp left turn. He contends that his front wheels were at the driveway when the left side of his automobile was struck by the right side of plaintiff’s vehicle. Defendant admits that after he began to slow down and saw the truck behind, he did not again look in his rear view mirror. He did not see plaintiff’s vehicle until the time of the impact.
The trial judge held that defendant was negligent in having made a left turn without first ascertaining that such a manuever could be made safely.
A motorist who attempts to make a left turn on a public highway is required to ascertain in advance that he can do so safely and without endangering overtaking or oncoming traffic. LSA-R.S. 32:101 and 32:104; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); and Leger v. Firemen’s Fund Insurance Company, 248 So.2d 921 (La.App. 3 Cir. 1971).
Defendant did not meet this test. In particular, after looking in his mirror and seeing that the truck was decelerating behind him, he did not again look to the rear to see whether there was any overtaking traffic which would be endangered. If defendant had again observed to the rear, he could have seen plaintiff in time to avoid the accident. We agree with the trial judge that defendant was negligent.
Defendant contends alternatively that plaintiff is barred from recovery by his own contributory negligence.
The evidence shows that the highway where the accident occurred was straight and level, and that visibility was good. When plaintiff began his passing maneuver, he could see that the highway ahead of him was free of oncoming traffic, and *740 there was nothing which would indicate to him that the passing maneuver could not be made safely. He was driving his automobile at a reasonable rate of speed, he observed that defendant was making a left turn as soon as it was reasonably possible for him to do so, and he applied his brakes immediately after he made that observation. We find that plaintiff had no reason to anticipate that the vehicle being overtaken would suddenly make a left turn until he had committed himself to the passing maneuver and was unable to avoid an accident.
Under the facts and circumstances presented here, we find, as did the trial judge, that plaintiff was free from contributory negligence. See Merritt v. Southern Farm Bureau Casualty Insurance Co., 199 So.2d 594 (La.App. 3 Cir. 1967); McCann v. Mercer, 191 So.2d 150 (La.App. 3 Cir. 1966).
Our conclusion is that there was no error in the judgment of the trial court awarding damages to plaintiff.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.
CULPEPPER, J., dissents and assigns written reasons.