DENNIS, Judge.
The automobile accident out of which this lawsuit arises, occurred August 21, 1972, on North Market Street in Shreveport, Louisiana. The plaintiff, Tommy R. Alexander, had been driving a 1970 model Plymouth in a northerly direction, and after stopping in order to make a left turn, he was struck from the rear by a 1972 model Ford pickup truck operated by an employee of Mid-South Sweeping Service, Inc. State Farm Mutual Automobile Insurance Company, Mid-South’s insurer, assumed liability and paid Alexander $16,191.34 for medical bills and lost wages before suit was filed.
On the trial of the matter, Alexander was awarded an additional $17,500. Plaintiff appealed, contending the award was inadequate and defendant appealed asserting the award was excessive. As liability has been admitted, the present controversy concerns only the amount of damages awarded.
Dr. Ray E. King treated Alexander the day of the accident. At that time Alexander was suffering from neck pain, pain in the back of his neck on the right side, top of the right side and top of the right shoulder. Between August 21 and September 22 Alexander visited Dr. King on five separate occasions with similar complaints. Alexander was then hospitalized at Schum-pert Hospital from September 22 through September 29 for traction therapy and conservative measures. This treatment proved ineffective after two more visits to Dr. King, and Alexander was referred to Dr. Fred C. Boykin, a neurosurgeon. Dr. Boy-kin referred him to Dr. J. Stanford Shelby, a thoracic surgeon, who diagnosed Alexander’s condition as a “thoracic outlet syndrome”. In an attempt to correct this condition, Dr. Shelby performed two operations on Alexander in January and February, 1973, removing one rib each time. For each operation he was hospitalized about one week. The operations afforded Alexander temporary relief, but by August, 1973, his symptoms had returned and he again saw Dr. Shelby. At the time of the trial in January 1974 Alexander complained of numbness and a tingling sensation in both arms and hands. Dr. Shelby stated there was a possibility Alexander would *270 have to undergo operations for the removal of two more ribs.
Alexander was 37 years old at the time of the accident and employed by Red Ball Freight Company as a truck driver. He also had a part-time job with Poly Tex Contractors constructing aluminum carport and patio covers. He returned to his job with Red Ball in June, 1973, but has not been able to return to his other job since he cannot grip the necessary tools. Because of this inability to grip objects for more than two or three minutes at a time, Alexander has difficulty performing many every day tasks such as holding pencils, telephones, hammers, etc. This condition has curtailed activities such as hunting, fishing and playing with his children.
In assessing damages, the trier of fact is afforded “much discretion” pursuant to Article 1934(3) of the Louisiana Civil Code which provides:
“In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, . . . .”
The Louisiana Supreme Court in Spillers v. Montgomery Ward and Company, Inc., 294 So.2d 803 (La.1974) explained the above rule as follows:
“ * * * A reviewing court might well disagree with the amount of the award fixed by the jury, but it is not entitled to substitute its opinion for that of the trier of fact. Appellate review of awards for damages in the trial court is limited to determining whether the trial court abused its discretion. When a jury fixes an award, and that award is not disapproved by the trial judge, the action of the trial court is entitled to much respect, and should be upset only when it can be demonstrated that the jury abused its discretion. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Co. of Omaha, 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Walker v. Champion, 288 So.2d 44 (La. 1973); Fox v. State Farm Mutual Automobile Insurance Co., 288 So.2d 42 (La.1973).” [294 So.2d 803, 809]
Also, as this court recently held, the above rule of the Spillers case is applicable to both jury and bench trials:
“The trier of fact in the instant case was the district court judge. The aforesaid rule is equally applicable to his findings as to those of a jury.” [South Texas Lloyds v. Guarantee Insurance Co. of Texas, 299 So.2d 395, 401, La. App., 2d Cir. 1974]
Both parties contend that this is a case of first impression in awarding damages for a thoracic outlet syndrome. We would have preferred to have additional evidence describing the nature and comparative severity of this medical phenomenon. However, it appears the condition has already required two fairly serious and painful operations and threatens to necessitate further surgery. Therefore, we conclude that the record discloses no facts from which it can be demonstrated the court below abused its discretion in its award to Alexander.
Accordingly, the judgment appealed from is affirmed.