387 So.2d 1091 (1980)
Harrell LINDSEY
v.
H. A. LOTT, INC., Contractors and Engineers.
No. 64999.
Supreme Court of Louisiana.
April 7, 1980.
Sydney B. Nelson, Nelson, Hammons & Johnson, Shreveport, for plaintiff-applicant.
Caldwell Roberts, Mayer, Smith & Roberts, Shreveport, for defendants-respondents.
DIXON, Chief Justice.[*]
On September 20, 1973, while employed by the defendant as a carpenter in the construction of the First National Bank Building in Shreveport, the plaintiff, fifty years old and illiterate, suffered an accidental injury to his right arm when the bit of the thirty-five pound drill he was using hit a metal rod, causing the drill to twist in his hand until the drill was disconnected from its power source. Subsequently the plaintiff suffered severe pain in his right arm and hand. He was diagnosed to suffer from both thoracic outlet syndrome and cervical disc disease.
The plaintiff filed this suit on September 19, 1974, alleging that his pain was the result of the accident he had while employed by the defendant and that he was therefore entitled to workmen's compensation benefits. The case was not tried until after December 17,1977, when the plaintiff obtained new counsel who took the necessary steps to have the matter resolved. The trial court found that the plaintiff had *1092 failed to prove by a preponderance of the evidence that the accident was the cause of either the thoracic outlet syndrome or the cervical disc disease, and denied benefits. The Court of Appeal affirmed. This court granted writs to review the action of the lower courts.
The issue presented is whether the trial court erred in finding that the plaintiff was not entitled to workmen's compensation benefits because of its conclusion that the accident was not the cause of the plaintiff's pain and suffering. We conclude that it did.
As in any other civil suit the plaintiff in a workmen's compensation action has the burden of establishing his disability and the causal relation between it and the accident by a preponderance of the evidence. This court has held, however, that a claimant's disability is presumed to have resulted from an accident if, before the accident, the injured person was in good health, the symptoms of the disabling condition appearing after the accident and manifesting themselves continuously afterwards, providing there is a reasonable possibility of causal connection between the accident and the disabling condition. Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977); Gradney v. Vancouver Plywood Co., 299 So.2d 347 (La.1974); Johnson v. Travelers Insurance Co., 284 So.2d 888 (La. 1973).
In this case it is not disputed that the plaintiff had an accident while on the job, which he reported to his superiors. The next day he was referred by his employer to Dr. E. E. Rushing, who indicated that the injury was not serious and recommended hot packs and aspirin. The plaintiff's employment was terminated shortly thereafter. The plaintiff testified without contradiction that a month or two after the accident he called the job site to inquire about further medical care and was told by the secretary there that the defendant did not care to furnish any medical treatment. On July 15, 1974 the plaintiff visited Dr. Charles B. Itzig, who diagnosed the plaintiff's condition as thoracic outlet syndrome, which involves the compression of nerve tissue running into the arm, causing pain in the arm and hand. Surgery, including the removal of the first rib, and physical therapy followed. When treatment for that condition did not prove entirely successful in relieving the plaintiff's pain, Dr. W. W. Fox III was consulted. He found plaintiff suffered from a disease of the cervical vertebrae, a condition which also involves the compression on nerve tissue causing pain in the arm and hand. Dr. Fox treated the condition by fusing three discs in the plaintiff's cervical spine.
Moreover, it was the uncontradicted testimony of the plaintiff and his witnesses that he was in constant disabling pain from the time of the accident until he went to see Dr. Itzig. There was no evidence introduced that suggests that the plaintiff was suffering from such pain prior to the accident. Nor was there any evidence that the plaintiff had undergone any trauma between the accident and the time he sought treatment from Dr. Itzig that could have caused the symptoms.
Dr. Itzig was of the opinion that the thoracic outlet syndrome had been caused by the plaintiff's work accident. Dr. Fox was of the opinion that, absent other significant trauma, plaintiff's accident caused the injury.
Dr. Fox first saw plaintiff in December, 1974 and operated on him January 21, 1975. He described nineteen visits, at each of which plaintiff complained of pain. Both doctors found objective evidence of nerve root pressure. The right arm of plaintiff diminished in size at first, but returned to normal over the years. Dr. Fox could not account for plaintiff's complaint of pain and disability, and last saw him on April 24, 1978, a month before the trial.
As noted above, if a plaintiff in good health continually suffers from a disabling condition after an accident, and there is a reasonable possibility that the accident caused the condition, the condition is presumed to have been caused by the accident. In this case the evidence is uncontradicted that the plaintiff had no problems with his hand and arm before the accident, but that afterwards he was in continuous pain. The medical testimony was clearly to the effect *1093 that the accident was at least a reasonably possible cause of the condition for which the plaintiff was diagnosed. It was therefore error for the trial court to fail to apply the well established presumption that such conditions are caused by the incidents which they follow. We conclude that the plaintiff has met his burden of proving by a preponderance of the evidence that his disabling condition was caused by the accident he suffered while in the employ of the defendant.
For the reasons assigned, the decisions of the courts below are reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion to determine the amounts due plaintiff, at defendant's cost.
BLANCHE, J., dissents, being of the opinion that the court of appeal and trial court judgments were correct.
SUMMERS, C. J. (Retired) serving as J. ad hoc, dissents and will assign reasons.
NOTES
[*] Honorable Jesse N. Stone, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of Tate, J.