398 So.2d 132 (1981)
Paul Leroy HEATH et ux., Plaintiffs-Appellants,
v.
NORTHGATE MALL, INC. et al., Defendants-Appellees.
No. 8109.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
*133 Moore & Walters, Charles R. Moore, Baton Rouge, for plaintiffs-appellants.
Fontenot & Hurlburt, David A. Hurlburt, Lafayette, for defendants-appellees.
Before GUIDRY, SWIFT and LABORDE, JJ.
LABORDE, Judge.
Plaintiffs, Paul Leroy Heath and his wife Barbara Jean Heath, sued Northgate Mall, Inc., and its liability insurer, Aetna Casualty and Surety Company seeking to recover damages sustained by Mrs. Heath when she fell in a large rain-filled hole in the parking lot at Northgate Mall, Inc. The trial court granted judgment in favor of plaintiffs and against defendants in the amount of $1,500 in general damages and $374.25 in special damages. The trial court also concluded that the fall did not precipitate or aggravate an umbilical hernia and disallowed those damages. The sole issue on appeal in whether the trial court erred in its determination that the fall did not cause or aggravate the umbilical hernia. We affirm. The record supports the trial judge's determination that plaintiffs failed to prove by a preponderance of the evidence that the fall caused or aggravated the umbilical hernia.
On March 7, 1978, Mrs. Heath, her daughter and a friend were shopping in the Northgate Mall in Lafayette, Louisiana. It was a rainy day and the parking lot had many large puddles of water. When Mrs. Heath was returning to her car, she stepped into a large hole in the pavement and fell forward onto the parking lot. The trial court held that the cause of Mrs. Heath's fall was the failure of Northgate Mall, Inc. to properly maintain the parking lot and awarded damages for injuries sustained by Mrs. Heath to her hands, knees, legs and stomach.
The plaintiffs contend that the umbilical hernia was caused by the accident. In so doing, plaintiffs rely on the presumption that a medical condition producing disability is presumed to have resulted from an accident, if before the accident the injured person was in good health but shortly after *134 the accident the disabling causing condition manifested itself, provided there is a reasonable possibility of causal connection between the accident and the condition.
Although the above cited presumption is usually applied in workmen's compensation cases, Lucas v. Ins. Co. of North America, 342 So.2d 591 (La.1977); Lindsey v. H. A. Lott, Inc., 387 So.2d 1091 (La.1980), this court has applied it in personal injury cases. Roy v. Robin, 173 So.2d 222 (La.App.3rd Cir. 1965). However, in order for the presumption to apply, the plaintiff must prove that she was in good health prior to the accident and that there is a causal relationship between the accident and the condition. The record indicates that Dr. Bolin, the physician who treated Mrs. Heath for the hernia, stated that the hernia had pre-existed the fall by several months, therefore, Mrs. Heath was not in good physical condition prior to the accident and the presumption does not apply.
The plaintiffs also contend that even though the umbilical hernia pre-existed the fall, she is entitled to recover because the fall aggravated the condition to the point where surgery was necessary. Romero v. Flo-Tel, Inc., 332 So.2d 596 (La.App. 3rd Cir. 1976). The trial court specifically considered this contention but held that the accident did not in fact aggravate the pre-existing hernia. An appellate court will not disturb a trial court's factual determination unless a review of the record indicates the decision of the trial court is manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Our review of the record reveals no errors in the trial court's factual determinations.
Dr. Hernandez, the physician who treated Mrs. Heath in the emergency room of Lafayette General Hospital immediately after the accident did not notice the hernia. Dr. Hoffpauir, who examined Mrs. Heath on March 24, 1978, more than three weeks after the fall, did not notice the hernia. Dr. Bienvenu examined Mrs. Heath on March 8, 1978, the day after the accident. He did not discover the hernia. The hernia was not discovered by Dr. Bienvenu until April 4, 1978, almost a month after the fall. We cannot say that the trial court was clearly wrong in determining that the plaintiffs failed to prove by a preponderance of the evidence that the fall caused or contributed to the development of the umbilical hernia.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.