401 So.2d 488 (1981)
Erma J. BOYKIN, Plaintiff-Appellee,
v.
Howard WASHINGTON, Horn and Ross Plumbing and Royal Globe Insurance Company, Defendants-Appellants.
No. 14555.
Court of Appeal of Louisiana, Second Circuit.
June 8, 1981.
Lunn, Irion, Switzer, Johnson & Salley by Jack E. Carlisle, Jr., Shreveport, for defendants-appellants.
M. Carl Rice and Nelson, Hammons & Johnson by John L. Hammons, Shreveport, for plaintiff-appellee.
Before PRICE, MARVIN, and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
Defendants appeal a personal injury judgment arising out of a rear end collision at a Shreveport intersection essentially contending that the trial court abused its much discretion in awarding $44,000 for injuries sustained by the plaintiff forward driver in a "... very minor vehicular collision where no property damage was sustained and the defendant vehicle was traveling ... 3 ... to 6 miles per hour when the impact occurred." We affirm.
This court has avoided the precedent of attempting to measure the degree of injury in direct proportion to the force of a collision. Where medical experts and lay *489 witnesses establish that a plaintiff sustained some injuries, the minimal force of the collision causing the injuries is of no material importance. Seegers v. State Farm Mutual Automobile Ins. Co., 188 So.2d 166 (La.App.2d Cir. 1966).
Here the award (rounded) was for $9,000 in medical expenses incurred, $17,570 loss of wages and impairment of earning capacity, and $17,500 general damages.
Plaintiff's treating orthopedist, Dr. Bicknell, diagnosed plaintiff's condition initially as a strain of her lumbar and cervical spine and later as tendinitis. After several months he referred her to a medical doctor practicing as a "pain specialist," Dr. Osborne, who eventually diagnosed her condition as a "thoracic outlet symdrome." Dr. Osborne referred plaintiff to a thoracic surgeon, Dr. Bruner, whose pre-operative and post-operative diagnosis confirmed Dr. Osborne's diagnosis.
The 33-year-old female plaintiff saw Dr. Bicknell a week after the accident occurred on July 18, 1978, and again on 10 occasions over the next 10 months, at which time he referred her to Dr. Osborne. Dr. Osborne hospitalized her on June 3, 1979, and she eventually underwent surgery on June 22 and was discharged on June 28, 1979. Defendants argue that because Dr. Bicknell did not find muscle spasm or loss of strength in the arm and because plaintiff's tendinitis could have been caused by constant motion of plaintiff using the arm after she returned to work and could have been confused with symptoms of thoracic outlet syndrome, the operation was not necessary, the syndrome, if present at all, was not causally related to the collision, and the trial court was in error in choosing to believe plaintiff's physicians "... who ... had an interest in getting paid for all their whiplash treatments." Defendants did not produce opinion evidence contrary to plaintiff's experts.
The trial court found that plaintiff had no difficulty before the accident, that her loss of wages from the accident to the date of trial was $6,396 and that her impairment of earning capacity thereafter during a two-year rehabilitation program was $11,199. The award for general damages (pain and suffering) was $17,500.[1]
Defendants likewise contest the necessity of the medical treatment but not the reasonableness of the cost ($9,030) and assert that the award of damages should be reduced to correspond with cases awarding from $750 to $1,000.
Defendants, of course, do not agree with the weight and assessment of the medical and lay testimony made by the trial court. Where an accident victim was in good health before the accident and, after the accident, shows that a disabling injury manifested itself and that there is a reasonable possibility of causal connection between the injury and the accident, it is presumed, subject to rebutting evidence, that the accident caused the disabling injury. See Heath v. Northgate Mall, Inc., 398 So.2d 132 (La.App.3d Cir. 1981). Notwithstanding defendants' exhaustive argument, there is no evidence rebutting the presumption or showing the trial court was clearly wrong in weighing and assessing the medical and lay testimony.
There is substantial evidence to support these awards and we do not find the trial court has abused its much discretion. For reasons assigned by the trial court and summarized here, at appellants' cost, judgment is
AFFIRMED.
NOTES
[1] Plaintiff is experienced only for manual labor and does not have a high school education. She earned $2.65 per hour as a laundry worker when the accident occurred. She would have earned at least the minimum wage as it has increased since that time had she been working. She missed three weeks of work following the July 18, 1978, accident. After resuming work and then going into the hospital about June 3, 1979, she has not worked since. Dr. Osborne stated at the trial in late 1980 that she will require two to five years rehabilitative therapy to resume working.

Dr. Osborne estimated that plaintiff had a 10 percent disability to her body as a whole but stated that she could be retrained for employment that does not require repetitive use of her arm or lifting of heavy objects. See Alexander v. Mid-South Sweeping Service, Inc., 303 So.2d 268 (La.App.2d Cir. 1974).