409 So.2d 351 (1981)
Sarah JEFFERSON, et al.
v.
Norman LANDWEHR and Merit Insurance Company.
No. 14481.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
Rehearing Denied February 18, 1982.
Douglas T. Curet, Hammond, for plaintiffs.
Allen B. Pierson, Jr., Ponchatoula, for defendant, Norman Landwehr.
Daniel J. Caruso and Lloyd N. Shields, New Orleans, for defendant, Merit Ins. Co.
Before COVINGTON, CHIASSON and COLE, JJ.
COLE, Judge.
Plaintiffs Sarah Jefferson and Sharon Coleman, the latter acting individually and on behalf of her minor child, Jamar Coleman, sued the defendants, Norman Landwehr and Merit Insurance Company, the uninsured motorist carrier of the owner of the Ford automobile[1] driven by Sarah Jefferson, seeking $180,000.00 for personal injuries *352 to plaintiff Jefferson and $95,000.00 for personal injuries and related expenses to the minor child, arising from an automobile accident on August 6, 1979. The accident occurred when the automobile driven by Mrs. Jefferson, with the young two-year old child as a passenger, was struck from the rear by a Ford automobile driven by Norman Landwehr. The defendant insurer requested a jury trial. From a judgment of the trial court adopting the jury's verdict which denied recovery to the plaintiffs, the plaintiffs have appealed. We affirm.
Plaintiffs assign as error: 1) The jury's finding in favor of the defendants was contrary to the law and the evidence; and 2) The jury's finding in favor of the defendants, having no reasonable factual basis, was manifestly erroneous.
There is no complaint of the jury instructions. The gist of the plaintiffs' argument on appeal is that the factual circumstances surrounding the accident can lead a reasonable mind only to the conclusion that the nature and extent of the injuries sustained by both plaintiffs were a direct result of the accident.
Our review of the present case is limited to an examination of whether the jury's findings were manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Napoli v. State Farm Mutual Automobile Insurance Company, 387 So.2d 1351 (La.App. 1st Cir. 1980), affirmed 395 So.2d 720 (La.1981).
The Jefferson vehicle was stopped at a stop sign on Saxon Street at the intersection of Louisiana Highway 22 in Ponchatoula, Louisiana, at about 12:30 P.M. on a clear, dry day, when it was hit in the rear by the Landwehr vehicle. The sole proximate cause of the collision was the negligence of Norman Landwehr. The impact was slight, mostly bumper to bumper. The Landwehr car received no noticeable damage. The Jefferson car was slightly dented in the center of the trunk. The investigating police officer testified relative to the condition of the vehicles, and his testimony is corroborated by photographs of the vehicles.
The evidence establishes the plaintiffs have proved neither causation nor related damages. It was alleged that Mrs. Jefferson sustained "severe injury to her back, neck and shoulders," and that Jamar Coleman suffered "severe injury to his back, neck and shoulders." At the scene the investigating police officer was told that "nobody was hurt." It was not until three days after the accident that Mrs. Jefferson, 67 years old, went to a Doctor of Chiropractic, complaining of neck pain. He observed a degenerative disease process that had been coming on for a period of years. He testified the treatment he gave Mrs. Jefferson was the same treatment he gave any patient of that age with a degenerative joint disease problem. The young child was diagnosed as having sustained a neck and cervical strain. Dr. Luis Matta, an orthopedic surgeon, examined Sarah Jefferson on September 9, 1980 (more than one year after the accident). All tests were within normal limits and Dr. Matta found no objective symptoms. The range of motion of the back was excellent. X-rays revealed generalized degenerative changes. It was Dr. Matta's opinion that his examination failed to elicit any "remarkable findings to justify her allegations of pain and dysfunction involving her neck, upper or lower back region."
We have carefully reviewed and evaluated the record, and find the evidence does not support a conclusion the accident caused injury to either plaintiff. A judgment awarding no damages is valid where the plaintiff fails to prove damages caused by the tortious act of the defendant, even though the defendant was at fault. Napoli v. State Farm Mutual Automobile Insurance Company, supra. Moreover, before recovery can be granted for aggravation of a pre-existing condition, a causative link between the accident and the victim's current status must be established. Bates v. Garrett Marine Supply, Inc., 368 So.2d 1171 (La.App. 3d Cir. 1979). Mrs. Jefferson also failed to prove aggravating trauma.
A jury verdict should be maintained unless the record reflects its conclusions of *353 fact are not supported by the evidence, or its application of the law is clearly erroneous. Babin v. St. Paul Fire and Marine Insurance Company, 385 So.2d 849 (La.App. 1st Cir. 1980), writ denied, 386 So.2d 358 (La.1980); Perrin v. St. Paul Fire and Marine Insurance Company, 340 So.2d 421 (La. App. 4th Cir. 1976).
In the absence of manifest error, the appellate court is not to disturb the finding of the jury which has evidence before it furnishing a reasonable factual basis for its verdict, based upon its reasonable evaluation of credibility. Harris v. State Through Huey P. Long Memorial Hospital, 378 So.2d 383 (La.1979); Arceneaux v. Domingue, supra.
The determination of credibility is properly allocated to the trier of fact (the jury). When that determination is reviewed by an appellate court, reasonable inferences of fact supported by the evidence in the record are not to be disturbed even though there may be other reasonable inferences of fact also supported by the evidence. The inference to be drawn from the general verdict in the instant case is that the jury found neither plaintiff sustained any injury in the accident. Indeed, the evidence casts serious doubt on the plaintiffs' claim that they were injured in the accident. See Williams v. Allstate Insurance Company, 367 So.2d 1318 (La.App. 4th Cir. 1979).
Under these circumstances, we find no manifest error in the jury's findings on the issues of causation and damages. Accordingly, we affirm the judgment appealed by the plaintiffs, at their cost.
AFFIRMED.
COVINGTON, J., dissents and assigns written reasons.
COVINGTON, Judge, dissenting.
In this jury trial case we do not, of course, have the benefit of reasons for judgment. Since fault of Mr. Landwehr was admitted, my supposition is that one or more of three factors caused the jury to reach its verdict; the minimal impact to the rear of plaintiffs' vehicle, the fact that Mrs. Jefferson was not in good health prior to the accident, or a choice between the testimony of the health care provider and another expert witness.
The force of impact cannot be directly correlated to degree of injury. We hear, read and know of instances in which there is severe property damage to a motor vehicle, even a "total loss," but the occupant(s), fortunately, remain unharmed or relatively so. Conversely, serious injuries may result from wrecks in which the property damage is relatively light. Therefore, minimal force is of no degree of importance where it is established that a person sustained some injuries in an automobile accident. Boykin v. Washington, 401 So.2d 488 (La.App. 2 Cir. 1981).
It is also well settled that a tortfeasor takes the victim as he finds her. It is only necessary that the plaintiff prove that the accident was a contributing factor in the aggravation of a preexisting condition in order to recover. See Perniciaro v. Brinch, 384 So.2d 392 (La.1980), increasing general damages award, by jury, from $500 to $5000; Romero v. Flo-Tel, Inc., 332 So.2d 596 (La.App. 3 Cir. 1976); Johnson v. Ceaser, 304 So.2d 855 (La.App. 4 Cir. 1974). And, where the victim was in good health (or, in the instant case, had a dormant degenerative disease which caused her no pain) before the accident, and disabling injury manifests itself after the accident, and there is a reasonable possibility of causal connection between injury and accident, it is presumed, subject to rebuttal evidence, that the accident caused the disabling (painful) condition. Boykin v. Washington, supra. The fact that Mrs. Jefferson did not have painful symptoms prior to the accident, but did have them subsequently, is compatible with the diagnosis of the treating health care provider, and would justify a conclusion that the causation requirement, that the collision caused personal injury, has been satisfied.
The medical care provider who saw Mrs. Jefferson on August 9, 1979, three days *354 after the accident, and treated her thereafter for more than one year, did quite extensive tests, testified very candidly about her preexisting degenerative disease, and ruled out any causal relationship between the accident and any other ailments except for the pain and severe limitation of motion in the cervical spine area. He did tests relating to possible nerve root compression affecting the lower extremities and basic neurological tests; these were negative. However, he did find extreme degenerative disease in the lower right cervical spine which, based upon her history, had not been painful prior to the accident. He stated that, of course, the degenerative condition itself was not caused by the accident, but also stated that many persons with that malady do not experience pain until after some type of trauma. Also, he was of the opinion that her age, 67 years, necessitated a much longer treatment program than would have been necessary normally. The other expert, who saw her only once, more than a year after the accident and at a time when her symptoms and need for further treatment had diminished drastically, found no causal relationship between the accident and Mrs. Jefferson's complaints. It is basic jurisprudence that the testimony of a health care provider who saw and treated a patient regularly after an accident, especially when corroborated by lay witnesses, is entitled to greater weight than one who saw the patient only once and then after more than a year had elapsed from the date of the injury.
I, therefore, respectfully dissent.
NOTES
[1] The automobile driven by Mrs. Jefferson was owned by Amos Hawkins, who had died prior to the trial.