GULOTTA, Judge.
Defendant appeals from a jury award in the sum of $13,500.00. The sole issue is whether plaintiff has established causation between the aggravation of a pre-existing *137 lower back injury and an incident in a Schwegmann store on August 3, 1978 when she was struck in the back by a food cart as it was being pushed by a Schwegmann employee. Liability is not in issue. We affirm.
It is Schwegmann’s contention that the evidence indicated the continued deterioration and aggravation of plaintiff’s preexisting compression fracture of the lower back could have resulted from progressive degeneration of the vertebra or from an unrelated post-accident fall from a wheelchair, and plaintiff had thus failed to show by a sufficiency of evidence a causal relationship between her back problem and the August 3 incident.
When struck, the seventy-six-year old plaintiff was knocked forward against a frozen food case. Visibly shaken, she was assisted to her car in a wheelchair and remained bedridden for several days thereafter. She complained of back pain to her treating physician in the weeks following the incident until being hospitalized in October, 1978 for a scheduled change of her heart pacemaker. While in the hospital, plaintiff fell from a wheelchair and suffered a minor abrasion to her back.
Following continued complaints of back pain to her treating physician during the ensuing months, plaintiff consulted an orthopedist who took X-rays of her back and prescribed medication and a corset that she continued to wear at the time of trial in April, 1981.
Plaintiff had a history of lower-back problems dating back to 1973. In late November or early December, 1973, plaintiff sustained a back injury from a fall and was seen by Dr. Gary H. Bergeaux, an internist. According to Dr. Bergeaux, plaintiff at that time suffered a 25% compression fracture of L-l. He had seen her every three or four months between 1973 and 1978. During these visits she complained of back pain.
On December 11,1978 plaintiff related to Dr. Bergeaux that she had been suffering back pain since the trauma in Schweg-mann’s. The X-ray dated October 24, 1978 showed collapse of the L-l vertebral body with anterior wedging, a much worse condition than the 1973 X-ray. Although this physician stated that the later X-ray reflected what he would expect to see in a disease progressing from 1973 in its normal course without any trauma, he acknowledged it could also be trauma-related. He testified that being struck in the back was consistent with the worsening of plaintiff’s condition and continued complaints of pain.
Dr. William H. Newman, an orthopedic surgeon, saw plaintiff on May 9, 1979 and found abnormal angulation of the lumbar dorsal spine and some “wedging”[1] of the L-l vertebra suggesting a fracture of some duration that could have occurred as far back as August, 1978. He also found osteoarthritis and osteoporosis or softening of the bone that had its onset several years previously. Dr. Newman prescribed a lum-bo-sacral corset and in the course of fourteen subsequent visits through April 14, 1980 prescribed various arthritis medications for her pain. According to this physician, surgery will not materially help plaintiff and she will continue to demonstrate symptoms and limitations.
Dr. Newman further testified that compression fracture of the L-l vertebra is one of the most frequent areas for fracture in an individual of plaintiff’s age, and that a flexion injury is much more easily sustained with softened bones. Comparing the X-ray taken of plaintiff’s back on December 21, 1973 and the later X-ray on May 9, 1979, Dr. Newman felt that the fracture was more compressed, that arthritic changes were greater in the L-l area, and that a re-injury could have caused further compression of the vertebra. He felt that these compressions were probably traumatic in origin, but he could not pinpoint the origin or rule out that the injury could have been from a fall from a wheelchair.
*138 Dr. Patrick C. Breaux, plaintiff’s cardiologist primarily involved with her cardiac problem, testified that plaintiff’s injury at Schwegmann’s and the subsequent complaints of back pain were consistent with the collapse or compression of the L-l vertebra. It was his impression that the wheelchair fall at the hospital in October, 1978 resulted only in a superficial abrasion and was unrelated to the back problem. While unable to ascertain how old the fracture was, Dr. Breaux stated that it was conceivable it had been caused by a cart striking her in the back.
Although plaintiff admittedly had suffered a compression fracture of the L-l vertebra in 1973, she related that she had lived an active life until the Schwegmann incident which limited her activities and increased her pain. Her testimony in these respects was corroborated by her husband and her daughter.
The rule of law applicable in this case is that a defendant takes his victim as he finds him and the tort feasor is responsible for the natural and probable consequences of his tortious act including the aggravation of a pre-existing injury. See Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Sansonni v. Jefferson Parish School Bd., 344 So.2d 42 (La.App. 4th Cir. 1977), writ denied, 346 So.2d 209 (La.1977); Johnson v. Ceaser, 304 So.2d 855 (La.App. 4th Cir. 1974); Mayeux v. Mock, 278 So.2d 591 (La.App. 3d Cir. 1973).
Our evaluation of the testimony, medical and lay, leads to a conclusion, as obviously reached by the jury, that the August 3,1978 incident in Schwegmann’s store aggravated the pre-existing compression fracture of the lower back. It was undisputed that the incident in Schwegmann’s caused plaintiff to suffer considerable lower-back pain and curtailed her activities. It was also established that plaintiff’s complaints were consistent with the trauma she had suffered when struck by the food cart. The testimony, taken as a whole, supports a conclusion that it was more probable than not that plaintiff’s back difficulty, which intensified after August, 1978, was caused by the injury suffered in Schwegmann’s.
We decline to award plaintiff costs and attorney’s fees for frivolous appeal. Although we do not disturb the award, defendant hás raised serious causation questions. In such instance, no damages lie for frivolous appeal. See LSA-C.C.P. Art. 2164; Parker v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634 (La.1965). .
Having so concluded, we affirm the jury award and judgment.
AFFIRMED.
SCHOTT, J., concurs and assigns reasons.

. According to the testimony of Dr. Newman, an X-ray of a vertebra is theoretically rectangular, but if the height on one side is less than the other the vertebra is considered to be “wedged”.