CRAIN, Judge.
This is an appeal of a judgment of the trial court dismissing plaintiff’s petition for worker’s compensation, penalties, and attorney fees.
Plaintiff, Alvin Brown, is a 23-year-old male who alleges injury on May 11, 1981, during the course and scope of his employment for defendant Benoit Machines, Inc. A drill collar being unloaded from a truck fell on and injured plaintiff’s right foot and ankle. Plaintiff sought medical care from Dr. Herman Walker and Dr. Leslie Walker from the time of the injury through June 23, 1981. At that time plaintiff was referred to a specialist in the field of orthopedic surgery, Dr. Pete Rhymes. Plaintiff gave Dr. Rhymes a history of injury to his right ankle, which included two prior injuries. Dr. Rhymes testified that he recommended surgery to the ankle, but the recommendation was based primarily on the complaints of the plaintiff rather than on the presence of any objective symptoms. The defendant then requested that the plaintiff be seen by a second orthopedic specialist, Dr. Richard Landry, in order to obtain a second opinion as to the necessity of surgery to correct plaintiff’s ankle problems. Dr. Landry testified that stress tests on the injured ankle reflected minimal instability, but the same degree of instability was also present in plaintiff’s uninjured left ankle. It was Dr. Landry’s opinion that the instability was developmental, and not caused by trauma. Dr. Rhymes testified that he had not tested both of the plaintiff’s ankles, but if both ankles are the same, then the laxity is congenital.
It was the finding of the trial judge that the medical testimony did not indicate that plaintiff had a continuing disability because of the May 11th injury, and that the defendant’s discontinuance of workmen’s compensation benefits was proper. Based upon the facts recited above, we agree with this finding.
*1092 Plaintiff alleges on appeal that the trial judge erred in failing to apply the presumption of Lindsey v. H.A. Lott, Inc., 387 So.2d 1091 (La.1980). Plaintiff cites the Lindsey case for the proposition that if a claimant is well before trauma and is not well thereafter, there is a presumption that the trauma caused the disability. In this case, however, the medical evidence indicates that the plaintiff probably had the ankle instability prior to the accident. The Lindsey case is inapplicable to this matter.
The above finding also disposes of the claim for penalties and attorney fees.
For the reasons assigned, the judgment of the trial court dismissing plaintiff’s petition is affirmed, at appellant’s cost.
AFFIRMED.