LOBRANO, Judge.
This appeal arises from a judgment awarding Gwendolyn C. Smith workmen’s compensation benefits from July 4, 1980, subject to credits for payments made, other salary paid and unemployment benefits received. Defendant, Orleans Parish School Board perfects this appeal.
On January 21, 1980, while employed by the defendant as a substitute teacher assigned to duties instructing special education students at the Audubon Special School, plaintiff sustained injuries to her back when one of the children jumped into her arms while another child held her legs, thus causing her to fall backwards. The issue presented is whether plaintiff sustained her burden of proving she was disabled because of a work related injury on January 21, 1980.
“As in any other civil suit the plaintiff in a workmen’s compensation action has the burden of establishing his disability and the causal relation between it and the accident by a preponderance of the evidence. This court has held, however, that a claimant’s disability is presumed to have resulted from an accident if, before the accident, the injured person was in good health, the symptoms of the disabling condition appearing after the accident and manifesting themselves continuously afterwards, providing there is a reasonable possibility of causal connection between the accident and the disabling condition.” Lindsey v. H.A. Lott, Inc., 387 So.2d 1091 (La.1980) at p. 1092.
The record reveals that plaintiff initially visited Dr. John Watermeir a few days after the accident. His diagnosis was a mild cervical and lumbar strain. Since Mrs. Smith was pregnant at the time, no x-rays were taken, and no medication was prescribed. Thereafter, on January 28, 1980, she went to Dr. Roy Marrero under whose care she remained off and on until the date of the trial.
According to the testimony of Dr. Roy Marrero, tenderness in the right paraspi-nous muscles was still detected on July 28, 1980, at which time Dr. Marrero advised that she was still disabled. Plaintiff did not see Dr. Marrero again until June 16, 1981. In that visit, and the ones of August 10th and September 8, 1981, Dr. Marrero detected tenderness in the lumbar spine area. Dr. Marrero testified that he felt Ms. Smith was still disabled because of her back on September 8, 1981, February 22, 1982, and March 8, 1982. Dr. Marrero testified that on her last visit on May 18, 1982, Ms. Smith was still tender in the lower lumbar spine area, and that she could not work at that time.
The testimony of Dr. Marrero was corroborated by that given by the plaintiff. Plaintiff testified that since the date of the accident, she has had difficulty climbing *588 stairs, and standing for long periods of time. On those occasions she has worked since the accident, plaintiff stated she has been in pain despite taking medication and performing the prescribed exercises.
Furthermore, it was stipulated between the parties that were she to testify, Eva Bickman, a co-worker of the plaintiff, would testify that “during the first semester of the 1981-82 school year on a number of occasions (approximately '6) she saw Ms. Smith lay on the| floor and perform exercises. During those occasions, Ms. Smith would inform Ms. Bickman that she was in pain, and that it helped when she would lay down on the floor to perform exercises. Ms. Bickman would further testify that Ms. Smith often spoke of her back pain.” (Stip. # 2)
Defendant’s expert witness, Dr. Ray J. Haddad, testified through deposition, that he had reviewed the medical record of Dr. Marrero and had examined Ms. Smith on two occasions. On the basis of these examinations, he concluded that although plaintiff’s symptoms were subjective, he could not be certain she was not actually still in pain as a result of the accident.
Once the trial court has made factual findings as to disability and length thereof, such determinations by the lower court are entitled to great weight and are not to be disturbed except on a showing of manifest error. Newell v. U.S.F. & G., 368 So.2d 1158 (La.App. 3rd Cir.1979).
In the case at bar, defendant argues that the trial court abused its discretion in awarding workmen’s compensation benefits to plaintiff with subjective symptoms of pain, extending over an unusually long duration. Additionally they point to the fact that the plaintiff worked sporadically from the date of the accident to the present and that there was an 11 month period in which plaintiff did not visit Dr. Marrero at all. As noted above, plaintiff is not claiming workmen’s compensation benefits for those dates on which she worked or received unemployment benefits. She testified and it was corroborated that on those occasions she did work she did so in pain. The trial court apparently found her testimony and that of Dr. Marrero to be credible and sufficient to establish her claim by a preponderance of the evidence.
Upon a review of the law and the evidence in this matter we hold there has been no showing that the trial court has committed manifest error. Accordingly, we order that the judgment of the trial court be affirmed.
AFFIRMED.